UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others
similarly situated                                                                    Case No. 22-cv-05428(BMC)

                                  Plaintiff,

                v.

BIG CITY REALTY MANAGEMENT, LLC, CFF
CONSULTING INC., 3427 BROADWAY BCR,
LLC, 3440 BROADWAY BCR, LLC, 3660
BROADWAY BCR, LLC, 633 WEST 152 BCR,
LLC, 605 WEST 151 BCR, LLC, 545 EDGECOMBE
BCR, LLC, 535-539 WEST 155 BCR, LLC, 408-412
PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC,
510-512 YELLOW APPLE, LLC, 513 YELLOW
APPLE, LLC, 145 PINEAPPLE LLC, 2363 ACP
PINAPPLE, LLC, 580 ST. NICHOLAS BCR, LLC,
603-607 WEST 139 BCR, LLC, 559 WEST 156 BCR,
LLC, 3750 BROADWAY BCR, LLC, KOBI ZAMIR,
and FERNANDO ALFONSO,
                                Defendants.
----------------------------------------------------------------X

## DECLARATION OF MARC A. RAPAPORT IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

      I, Marc A. Rapaport, an attorney admitted to practice in the Eastern District of New York declare, under penalty of perjury, that the following is true and correct based upon my knowledge, information, and belief:

      1.    I am admitted to practice law in the State of New York and a member in good standing in this Judicial District of the United States Federal Courts. I am the managing attorney of Rapaport Law Firm, PLLC ("Rapaport Law"), in New York, New York and, with co-counsel Meredith R. Miller of Miller Law, PLLC ("Miller Law"), I represent the Plaintiff and putative class in this case.

2. A true and correct copy of Defendants' Responses to Plaintiff's Combined Interrogatories and Document Requests, Dated February 8, 2023 is attached as Exhibit A.

3. A true and correct copy of Defendants' Responses to Plaintiff's Requests for Admission, dated February 8, 2023, is attached as Exhibit B.

4. A true and correct copy of Defendants' counsel's letter dated April 3, 2023, setting forth Defendants' supplemental discovery responses (without its attachments, which are submitted herewith as separate exhibits) is attached as Exhibit C.

5. True and correct copies of Defendant Fernando Alfonso's relevant deposition transcript pages are attached as Exhibit D.

6. True and correct copies of Defendant Kobi Zamir's relevant deposition transcript pages are attached hereto as Exhibit E.

7. A true and correct copy of the Operating Agreement of Big City Realty, LLC, dated August 19, 2013, is attached hereto as Exhibit F.

8. A true and correct copy of the Employment Agreement between Big City Realty Mgmt. and Zamir dated October 1, 2016, is attached hereto as Exhibit G.

9. True and correct copies of redacted sample Management Agreements between CFF Consulting Inc. and Big City Realty, LLC's title-holding entities is attached as Exhibit H.

10. A true and correct copy of 545 Edgecombe BCR LLC's new-employee welcome letter to Pedro Rojas, dated December 13, 2021, is attached hereto as Exhibit I.

11. True and correct copies of timesheets and wage statements for Roberto Peguero for the pay period November 15, 2021 to November 28, 2021, are attached hereto as Exhibit J.

12. True and correct copies of NYLL 195.1 Notices produced by Defendants are attached hereto as Exhibit K.

13. A true and correct copy of the email of September 21, 2021, from Rita Nicolaou of Defendant CFF Consulting to Viventium is attached hereto as Exhibit L.

14. Plaintiff's proposed First Amended Complaint, tracking changes from the initial complaint, is attached hereto as Exhibit M.

15. A clean version (without tracked changes) of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit N.

## QUALIFICATIONS OF MARC A RAPAPORT

16. I am the managing attorney of Rapaport Law, which I formed in August 1995.

17. I received a J.D. from Georgetown University Law Center in 1992. Upon graduating, I worked as a Staff Attorney for the Foreign Claims Settlement Commission ("FCSC"), a quasi-judicial agency within the United States Department of Justice in Washington, D.C.

18. At the FCSC, I was among a team of staff attorneys involved in the case-by-case review and adjudication of approximately 2,500 small claims (*i.e.*, claims of less than $250,000) of American nationals against the Government of Iran arising from the expropriation of real and personal property following the 1979 Iranian Revolution. Claimants with approved claims were entitled to share in a $50,000,000 claims fund. I was responsible for analyzing, valuing, and drafting proposed decisions of several hundred claims.

19. I began practicing employment law in 1995. I have more than twenty years of experience litigating employment matters on behalf of employees in New York. I represent employees in a broad range of discrimination and wage and hour matters.

20. I believe that my clients also benefit from my broader experience beyond the field of employment law, including my extensive experience (over two decades) litigating commercial

and real property disputes in state and federal courts. For example, in this case, the knowledge that I gained from handling hundreds of lease disputes and landlord-tenant matters in New York City guided me in deciphering how Defendants operated as a unified business enterprise.

21. For more than 20 years, I have endeavored to represent immigrant workers who often find it difficult to obtain skilled legal representation. In recent years, I have particularly focused on representing workers (superintendents, porters and handymen) who are employed at residential buildings, particularly in New York City's low income neighborhoods.

22. By way of example, these cases have included the following matters: *Armas et al. v. SKYC Management LLC et al.*, 14-cv-6360 (SDNY); *Castillo et al. v.140 Ash Associates, LLC, et al.*, 16-cv-5216 (EDNY); *Deleg v. Croman Real Estate, Inc. et al.,* 16-cv-07762 (SDNY); *Contrera, et al. v. Langer, et al,* 16-cv-03851 (SDNY); *Flores, et al. v. Claremont Properties. LLC, et al.*, 17-cv-001316 (SDNY); *Feliz v. Parkoff Operating Corp., et al.*, 17-cv-07627 (SDNY); *Amadis v. New Castle Realty Servs., et al*, 17-cv-06693 (SDNY); *Montalvo, et al. v. Arkar, Inc. et al*, 17-cv-06693 (SDNY); *Romero v. 1829 Realty Associates, LLC et al.*, 17-cv-00662 (EDNY); *Mercedes v. Claremont Properties,* 18-cv-01268 (SDNY); *Valdovinos v. 9300 Realty Management Inc., et al.*, 18-cv-2102 (SDNY); *Ramirez v. Superior One Management Corp., et al.*, 19-cv-02287 (SDNY); *De La Rosa v. Chestnut Holdings of New York, Inc., et al.*, 19-cv-00286 (SDNY); *Ramirez v. Superior One Management Corp.*, 19-cv-02287 (SDNY); *Luna v. Marquis Realty Inc.,* 19-cv-01709 (SDNY); *Martinez, et al. v. Barberry Rose Mgmt Co., Inc., et al.*, 19-cv-06744 (EDNY); *Campos v. Aegis Realty Management Corp.*, 19-cv-02856 (SDNY); *Liz, et al. v. 5 Tellers Associates, L.P., et al*, 20-cv-00212 (EDNY); *Artiles v. Superior One Management Corp.*, 20-cv-1809 (SDNY); *Pichardo v. United Chelsea, LLC, et al.* 20-cv-4706 (SDNY); *Ramirez v. Arbeni Management Company, Inc.*, 21-cv-2759 (SDNY); *Acosta v.*

*Superior One Management Corp.*, 21-cv-1163 (SDNY); *Trinidad v. 62 Realty, LLC, et al.*, 22-cv-00101 (SDNY); *De la Cruz v. Arbeni Management Company, Inc.*, 22-cv-00979 (SDNY); *Gomez, et al. v. Carroll Flats LLC*, 22-cv-01493 (EDNY).

23. I have also represented immigrant workers in a number of wage and hour cases in other industries. For example, *Gaitan et al. v. 3808 Boston Road Car Wash, Inc., et al.* 08-cv-11137 (SDNY); *LeBlanc v. Soho House New York, LLC et al.*, 09-cv-07474 (SDNY); *Puerta v. Davy et al.*, 16-cv-7083 (SDNY); *Cabezas v. Jeffrey Stein Salon NYC East 78, Inc., et al.*, 16-cv-08385 (SDNY); *Salas, et al. v. Phoenix ACV Construction Servs., et al.*, 16-cv-08066 (SDNY); *Perez v. Manocherian*, Index No. 159620/2016 (NY Sup. Ct.); *Vivanco v. Cortlandt Racquet Club, Inc. et al.*, 16-cv-07765 (SDNY); *Vasquez, et al. v. TLC Transportation Corp. of Westchester, et al.*, 17-cv-09033 (SDNY); *Richardson Pena v. Manhattan Oral Facial Surgery, LLC*, 17-cv-01611 (SDNY); *Ravelo v. Tom Cat Bakery, Inc., et al.*, 17-cv-07474 (EDNY); *Martinez-Gonzalez v. Hanan, et al.*, 17-cv-01963 (EDNY); *Velazquez v. Giovanni Esposito & Sons Inc. et al.*, 17-cv-4821 (SDNY)*; Llivichuzhca, et al. v. Alphacraft Construction Inc., et al*, 18-cv-01017 (EDNY); *Vaca, et al. v. Phoenix ACV Construction Services, LLC, et al.*, 18-cv-00207 (SDNY); *Quispe, et al. v. MEC General Construction Corp., et al.*, 18-cv-00773 (EDNY).

24. With co-counsel Meredith R. Miller, we represented FLSA collectives in *Quispe, et al. v. MEC General Construction Corp., et al.*, 18-cv-00773 (EDNY) and *Liz, et al. v. 5 Tellers Associates, L.P., et al*, 20-cv-00212 (EDNY). We represented an FLSA collective and were appointed Rule 23 Class Counsel in *Contrera, et al. v. Langer, et al,* 16-cv-03851 (SDNY), in which we achieved a $7.4 Million class settlement on behalf of superintendents, porters and handymen who were employed at hundreds of apartment buildings. Some of the key factual and legal issues in the *Contrera* lawsuit mirror the disputed issues here.

25. In addition, I have experience as class counsel in state courts, including: *Labbe v. Town Sports International, LLC*, Index Number 103948/2012 (NY Sup. Ct.), a wage and hour case in which I was certified as class counsel; *Hoggard, et al v. Cheever Development Corp.*, 655604/2018 (NY Sup. Ct), a preliminarily-certified, pending class action involving wage claims of construction workers; and *Luna v. SKYC Management, LLC*, 151905/2017 (NY Sup. Ct.), a class action on behalf of approximately 1,800 rent-stabilized tenants (primarily low-income immigrants) in which Ms. Miller and I were certified as class counsel.

## QUALIFICATIONS OF MEREDITH R. MILLER

26. My co-counsel Meredith R. Miller is admitted to practice law in the State of New York and a member in good standing in this Judicial District of the United States Federal Courts. She is the principal attorney of Miller Law, PLLC.

27. Ms. Miller has actively participated in the case since its inception and she is familiar with the factual and legal issues in the litigation.

28. Ms. Miller graduated (*cum laude*) from Union College in 1997. In 2000, she graduated (*cum laude*) from Brooklyn Law School, where she was Executive Research and Articles Editor of the *Brooklyn Law Review*. In 2006, she received an LLM in legal education from Temple Law School.

29. Ms. Miller was admitted to practice in Massachusetts in 2000 and in New York in 2001.

30. Ms. Miller began her career as a confidential clerk on the Central Staff of the New York Court of Appeals in Albany, New York, after which she worked as an associate in the Litigation Department of the New York office of Proskauer Rose LLP. From 2004-2006, she

was an Honorable Abraham L. Freedman Fellow at Temple Law School, during which time she began consulting on litigation and appeals with other attorneys, including Rapaport Law.

31. Since 2006, Ms. Miller has been a full-time member of the faculty at the Touro University, Jacob D. Fuchsberg Law Center, where she teaches courses in business, commercial and employment law. She has written and lectured extensively on these subjects. During her time as a law professor, she has remained engaged with the practice of law and has served in several leadership positions in the profession.

32. Ms. Miller has experience representing plaintiffs in class actions dating back to 2002, when she was admitted *pro hac vice* in the United States District Court for the Middle District of Georgia in *King, et al. v. City of Blakely* (1:00CV00109), a class action to desegregate a public housing project in Albany, Georgia.

33. More recently, she has experience as collective and/or class counsel in *Quispe, et al. v. MEC General Construction Corp., et al.*, 18-cv-00773 (EDNY); *Liz, et al. v. 5 Tellers Associates, L.P., et al*, 20-cv-00212 (EDNY); and *Contrera, et al. v. Langer, et al,* 16-cv-03851 (SDNY). Ms. Miller has co-counseled with me from the inception of each of these cases.

34. Ms. Miller also has class action experience in in state courts, including serving as co-counsel with me in a wage and hour case, *Hoggard, et al v. Cheever Development Corp.*, 655604/2018 (NY Sup. Ct), as well as *Luna v. SKYC Management, LLC*, 151905/2017 (NY Sup. Ct.), a class action on behalf of rent stabilized tenants.

35. Ms. Miller is familiar with wage and hour practice and, with me, has specifically focused on representing workers (superintendents, porters and handymen) who are employed at residential buildings, particularly in New York City's low income neighborhoods. She has served as co-counsel on many of the cases listed above.

36. We believe that we offer particularly useful knowledge and experience in the specific issues relating to wage claims of maintenance workers employed by residential landlords in New York City.

## QUALIFICATIONS OF RAPAPORT LAW STAFF

37. Karina Gulfo has been a paralegal at Rapaport Law since August 2018. She graduated from John Jay College of Criminal Justice in 2021. Prior to joining the firm, Ms. Gulfo worked as a legal assistant for a civil rights and criminal defense law firm in the Bronx for four years.

38. Ms. Gulfo speaks fluent Spanish. Because of her language skills, Ms. Gulfo served a crucial and effective role in our firm's representation of plaintiffs in wage and hour cases. A substantial portion of Ms. Gulfo's responsibilities involve client communications, damages analysis, and case management.

39. Ms. Gulfo is a primary point of contact for the firm's Spanish speaking clients. Ms. Gulfo manages discovery for all of our firm's wage and hour cases. She has played a crucial role in this case, having assisted at both depositions.

40. Ms. Gulfo played a particularly extensive role in *Contrera, et al. v. Langer, et al*, 16-cv-03851 (SDNY), which involved a class of several hundred superintendents, porters and handymen who worked in low-income neighborhoods throughout New York City. She managed discovery, including thousands of payroll records, and was the point of contact for the plaintiffs.

41. Marcela Cabezas Rapaport has been closely involved in our firm's employment law practice for more than a decade. Ms. Cabezas Rapaport has a bachelor's degree from the New York Institute of Technology. She is a point of contact for our firm's Spanish-speaking

clients, and she has assisted Mr. Rapaport and Ms. Miller at settlement conferences, client meetings, and depositions.

Executed this 14th day of April, 2023 at New York, New York.

/s/ Marc A. Rapaport

Marc A. Rapaport