UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others
similarly situated,

                                       Case No. 22-CV-05428 (BMC)

            Plaintiff,

    v.

BIG CITY REALTY MANAGEMENT, LLC CFF
CONSULTING INC., 3427 BROADWAY BCR, LLC,
3440 BROADWAY BCR, LLC, 3660 BROADWAY
BCR LLC, 633 WEST 152 BCR LLC, 605 WEST 151
BCR LLC, 545 EDGECOMBE BCR LLC, 535-539
WEST 155 BCR LLC, 408-412 PINEAPPLE LLC,
106-108 CONVENT BCR, LLC, 510-512 YELLOW
APPLE LLC, 513 YELLOW APPLE LLC, 145
PINEAPPLE LLC, 2363 ACP PINEAPPLE LLC,
580 ST. NICHOLAS BCR LLC, 603-607 WEST
139 BCR LLC, 559 WEST 156 BCR LLC, 3750
BROADWAY BCR LLC, KOBI ZAMIR, and
FERNANDO ALFONSO,

            Defendants.
-------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Law Offices of Peter Metis, LLC
Attorneys for the Defendants
46 Trinity Place, 5th Floor
New York, New York 10006
Tel. (212) 808-7780
Email: pmetis@metislawoffice.com

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS……………………………………………………………………...i

TABLE OF AUTHORITIES………………………………………………………………ii

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION……………………………………..…………1

PRELIMINARY STATEMENT……………………………………………..……………..1

FACTS ………………………………..……………………………………………..……....2

ARGUMENT……………………………………………………………………..…………4

POINT I – THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE NEW YORK LABOR LAW CLAIM ..………..4

POINT II –PLAINTIFF HAS NOT ESTABLISHED THE ELEMENTS REQUIRED
FOR CERTIFICATION OF A RULE 23 CLASS ACTION……..…………7

A. Plaintiff Has Failed to Satisfy Rule 23 (a)'s Commonality Requirement……... 9

B. Plaintiff Has Failed to Satisfy Rule 23(a)'s Adequacy and Typicality
Requirements...…………………………………………………… 11

CONCLUSION……………………………………………………………..………13

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **Page(s)**

Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) ……….…………………………...……... 11

Baffa v. Donaldson, Lufkin & Jenritte Securities Corp., 222 F.3d 52 (2d Cir. 2000) …………..11

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) …………...…………….............6

Chenensky v. New York Life Ins. Co.., 942 F. Supp.2d 388 (S.D.N.Y. 2013) …………...……….5

Colon v. Major Perry Street Corp., 2013 WL 3328223 (S.D.N.Y. 2013) ………………………… 9,11

Contrera v. Langer, 278 F.Supp.2d 702, 716 (S.D.N.Y. 2017) …………….…..……………………… 8

Ebel v. G/O Media, Inc., 2022 WL 2359245 (S.D.N.Y. 2022) ………………………….…..…….. 7

Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013) …………………………………….…... 9

Gonzalez v. Red Apple Group, Inc. 2022 WL 987425 (E.D.N.Y. 2022) ………...……………….. 6

Hallissey v. Am. Online, Inc.,  2008 WL 465112 (S.D.N.Y. 2008) ……………………………….. 9

Ikikhueme v. CulinArt, Inc., 2013 WL 2395020 (S.D.N.Y. 2013) ………..…………………….. 10

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998)………5

Koljenovic v. Marx, 999 F.Supp.2d 396 (E.D.N.Y. 2014) …………………………………............ 12

Langan v, Johnson & Johnson Consumer Cos.. 897 F.3d 88 (2d Cir. 2018) ………………..……...7

Lanqing Lin v. Everyday Beauty Amore, Inc., 2019 WL 3037072 (E.D.N.Y. 2019) ………..…….10

Municipal Credit Union v. Queens Auto Mall, 2014 WL 6870960 (E.D.N.Y. 2014) …...…............5,6

Oakley v. Verizon Communications Inc., 2012 WL 335657 (S.D.N.Y. 2012) ………..…….......... 8

OccuNomix Intern. LLC v. North Ocean Ventures, Inc., 2003 WL 22240660 (S.D.N.Y. 2003) … 4

Oneida Indian Nation of New York v. Madison County, 665 F.3d 408 (2d Cir. 2011) ……...……. 5

Reyes v. NY F&B Services LLC, 2016 WL 796859 (S.D.N.Y 2016) ……………………..………12

**CASES**                                                                    **Page(s)**

Roach v. T.L. Cannon Corp., 778 F.3d 401 (2d Cir. 2015) …..……………………..……. 8

Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234 (2d Cir. 2011) …………..7

Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542 (S.D.N.Y. 2014) ……..…………….........10

Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234 (2d Cir. 2011) ……..……. 4,9,11

Shibetti v. Z Rest., Diner & Lounge, Inc., ., 2022 WL 103639 (E.D.N.Y. 2022) …………………. 6

Taveras v. D&J Real Estate Management II, LLC., 324 F.R.D. 39 (S.D.N.Y. 2018) ………..........10

United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) …………….…..……………........5

US FoodServ, Pricing Litig., 729 F.3d 108 (2d Cir. 2013) ………..…………………………........7

Young v. Cooper Cameron Corp., 229 F.R.D. 50 (S.D.N.Y. 2005) ……..…………………........9

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011) ……..……………………….......... 8,9

Warman v. American National Standards Institute, 193 F.Supp.3d 318 (S.D.N.Y. 2016) ……........12

Wright v. Tenergy Christ Water, LLC, 606 F. Supp.2d 241 (D. Conn. 2009) …………….….…...5

**STATUTES**

 28 U.S.C. 1367 …………………………………………….………………….......4,5

FRCP RULE 23 ………………………………………...…..……………………….......... 7

12 NYCRR § 141-3.4 ……………………………………………………… ….........12

12 NYCRR § 141-1.4 ……………………………………………… …………...…….. 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others
similarly situated,

                                                                    Case No. 22-CV-05428 (BMC)

               Plaintiff,

        v.

BIG CITY REALTY MANAGEMENT, LLC CFF
CONSULTING INC., 3427 BROADWAY BCR, LLC,
3440 BROADWAY BCR, LLC, 3660 BROADWAY
BCR LLC, 633 WEST 152 BCR LLC, 605 WEST 151
BCR LLC, 545 EDGECOMBE BCR LLC, 535-539
WEST 155 BCR LLC, 408-412 PINEAPPLE LLC,
106-108 CONVENT BCR, LLC, 510-512 YELLOW
APPLE LLC, 513 YELLOW APPLE LLC, 145
PINEAPPLE LLC, 2363 ACP PINEAPPLE LLC,
580 ST. NICHOLAS BCR LLC, 603-607 WEST
139 BCR LLC, 559 WEST 156 BCR LLC, 3750
BROADWAY BCR LLC, KOBI ZAMIR, and
FERNANDO ALFONSO,

               Defendants.
----------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### PRELIMINARY STATEMENT

        This memorandum of law is submitted on behalf of all defendants in opposition to

plaintiff's motion certifying this case as a class action for those overtime claims alleging violations

of the New York Labor Law.

        Plaintiff's motion seeks to certify the following class action for violations of New York

Labor Law overtime regulations:

        "All persons who work or have worked as manual workers, including but not
        limited to superintendents, porters and handymen, at the buildings listed in
        Schedule A to the Complaint and/or at other buildings owned or controlled by BCR

1

LLC or Zamir, commencing six years prior to the commencement of this action to the date of final judgment in this matter."

In the first instance, since the class only seeks to recover for violations of state law claims, the Court should not exercise supplemental jurisdiction over those claims on behalf of the class. Even if the Court were to exercise supplemental jurisdiction, the class should be denied as the plaintiff has not established the requirements of commonality, adequacy and typicality under Rule 23(a).

## FACTS

A. <u>Plaintiff</u>:

Plaintiff, Juan Pineda ("Pineda"), worked for defendant 3440 Broadway BCR, LLC 3440 (owner of 3440 Broadway) and 3427 Broadway BCR LLC (owner of 3427 Broadway) as a superintendent at two apartment buildings (the "Pineda Buildings").  <u>See</u> Declaration of Juan Pineda dated April 10, 2023 at ¶ 2 at ECF Doc. No. 44.  Pineda worked at the Pineda Buildings for a period of 8 months, i.e. November 1, 2021 to July 29, 2022. <u>Id</u>.  Pineda's work was managed by CFF Consulting Inc. ("CFF").  <u>Id</u>. at ¶3.  CFF is operated by defendant Fernando Alfonso ("Alfonso") and was contracted by the Pineda Buildings to provide building management services. <u>See</u> Plaintiff's Ex. 8 at ECF Doc. No. 45-8.

Relevant to this motion, plaintiff alleges he was not paid one and a half times his regular hourly rate of pay for his overtime hours.  Plaintiff makes no allegations concerning any other defendant. Nor does he make any allegations concerning the overtime pay of any other employee of defendants or the operations of any other building other than his employment at the Pineda Buildings.

B. <u>Defendants</u>:

Defendants comprise separate entities that own 23 buildings in Manhattan ("Defendant

Buildings").  These entities are all owned by Big City Realty, LLC ("BCR LLC").  See Plaintiff's Ex. 6 at ECF Doc. No. 45-6.   From 2013 to approximately May of 2021, the Defendant Buildings were managed by defendant Big City Realty Management LLC ("BCR Management").   BCR management was operated by defendant Kobi Zamir "(Zamir").  See Plaintiff's Ex. "5" at pp. 30-31 at ECF Doc. No. 45-5.

Beginning in or around May of 2021, management of the Defendant Buildings was transitioned to CFF. See Plaintiff's Ex. 1 at pp. 4-5.  Specifically, the Defendant Buildings were transitioned to CFF management as follows:

As of May 2021:

510-512 Yellow Apple LLC
513 Yellow Apple LLC
535-539 West 155 BCR LLC
545 Edgecombe BCR LLC
559 West 156 BCR LLC
3750 Broadway BCR LLC

As of September 2021:

145 Pineapple LLC
603 - 607 West 139 BCR LLC
408 - 412 Pineapple LLC
2363 ACP Pineapple LLC
3427 Broadway BCR LLC
3440 Broadway BCR LLC

As of February 2022:

106 - 108 Convent BCR LLC
580 St. Nicholas BCR LLC
633 West 152 BCR LLC
3660 Broadway BCR LLC
605 West 151 BCR LLC

3

## ARGUMENT

## POINT I

## THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE NEW YORK LABOR LAW CLAIM

In this action, plaintiff seeks certification Pursuant to Rule 23 of the FRCP for "those overtime claims which allege violations of the New York Labor Law." See Plaintiff's Notice of Motion at ECF Doc. No. 43.  Typically, in cases involving overtime claims, plaintiffs will pursue their FLSA claims as a collective action under 29 U.S.C. 216(b) and their NYLL claims as a class action under Rule 23.  See Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 244 (2d Cir. 2011).  Since overtime cases alleging Federal FLSA violations and the NYLL violations are generally based on similar facts and circumstances, Courts will exercise supplemental jurisdiction over the NYLL claims under 28 U.S.C. 1367 (a).  Id. at 245.

In certain cases, however, where the Federal claims have been dismissed or state claims predominate, the Court will decline to exercise jurisdiction over the state law claims.  See OccuNomix Intern. LLC v. North Ocean Ventures, Inc., 2003 WL 22240660 (S.D.N.Y. 2003) (where state law claims substantially predominated over its federal claim, supplemental jurisdiction over the state law claims was not warranted) citing 28 U.S.C. 1367 (c)(2).

 Specifically, subsection (c) of §1367 provides:

"(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

1.      (1) the claim raises a novel or complex issue of State law,

2.      (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

3.      (3) the district court has dismissed all claims over which it has original jurisdiction,

or

4.    (4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction."  28 U.S.C. §1367(c).

The decision whether to exercise supplemental jurisdiction is entirely within the court's

discretion and is not a litigant's right.  See Chenensky v. New York Life Ins. Co.., 942 F. Supp.2d

388 (S.D.N.Y. 2013); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447

(2d Cir. 1998) (if one of the exceptions applies court may decide to decline jurisdiction over the

state-law claims but only after considering whether such a decision upsets the interests of judicial

economy, convenience, fairness, and comity).

In the present case, plaintiff specifically chose to only seek class action claims under the

NYLL and abandoned FLSA class action and collective action claims.  As such, the proposed class

action will only involve questions of New York law.  See Oneida Indian Nation of New York v.

Madison County, 665 F.3d 408, 437 (2d Cir. 2011) ("Once it appears that a state claim constitutes

the real body of a case, to which the federal claim is only an appendage, the state claim may fairly

be dismissed.") *quoting*, United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966).

In Wright v. Tenergy Christ Water, LLC, 606 F. Supp.2d 241, 244 (D. Conn. 2009), the

Court declined to extend supplemental jurisdiction where plaintiff abandoned its federal claims.

Similarly, in the present case, plaintiff is not looking to vindicate any of the class rights under

Federal law.  Instead, plaintiff relies on his purported Federal claim as a conduit to bring the

classes' alleged state law claims in Federal court.  As such, it is clear that the state law claims

predominate and supplemental jurisdiction is not warranted.  See also, Municipal Credit Union v.

Queens Auto Mall, 2014 WL 6870960 (E.D.N.Y. 2014) (court has the discretion to dismiss without

prejudice state law claims that raise issues that would substantially predominate over federal

claims).

This action differs and is inapposite from this Court's decision in Shibetti v. Z Rest., Diner & Lounge, Inc., 2022 WL 103639 (E.D.N.Y. 2022). In Shibetti, this Court granted supplemental jurisdiction for NYLL claims to three opt-in plaintiffs under a collective action even though their FLSA claims were no longer viable. In granting supplemental jurisdiction, the court acknowledged that Federal courts often exercise supplemental jurisdiction over state law labor claims even when the FLSA claims have been dismissed as time-barred. Id. at *2.

The question before the Court in this case, however, is not whether it should exercise supplemental jurisdiction over a single opt-in plaintiff's NYLL claims which are similar to those of named plaintiff with timely FLSA claims, but whether a class should be formed based solely on state claims where the class retains no federal claims by design. See Cf., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) (the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine where the plaintiff attempted to manipulate the forum); Gonzalez v. Red Apple Group, Inc. 2022 WL 987425 *5-6 (E.D.N.Y. 2022) (where state claims remain, district court may consider whether an area of law would benefit from further development in state courts in deciding to remand).

In Shibetti, the plaintiff had pursued its collective action under the FLSA and was bringing in additional opt-in plaintiffs who only had NYLL claims to prosecute. The thrust of the case remained the collective action under the FLSA. In the present case, however, plaintiff affirmatively opted to abandon his FLSA collective action, instead choosing to only seek a class action for the alleged state claims. As such, there is no underlying nexus to the Federal claims and any liability to the class will only occur under the NYLL claims. See Municipal Credit Union, supra, at *2 (supplemental jurisdiction denied where liability issues will only be raised in context

6

of state law claims).  The Federal claims in this case would be limited to those FLSA violations alleged by Pineda that occurred during that truncated 8 month period that Pineda worked for two of the defendants.  As opposed to the claims under the NYLL, which would cover a period of six years and potentially 50 employees.  Under such circumstances, Pineda's state law claims predominate and his Federal claim is merely a small appendage.  As such, by affirmatively choosing to abandon the collective claims, plaintiff has manipulated his choice of forum and the Federal Court is being used as a vehicle to litigate state law claims.  See Ebel v. G/O Media, Inc., 2022 WL 2359245 (S.D.N.Y. 2022) (declining to exercise supplemental jurisdiction where case centered on state claims),

For the foregoing reasons, the Court should not exercise supplemental jurisdiction and should deny the motion to certify the class.

### POINT II

### PLAINTIFF HAS NOT ESTABLISHED THE ELEMENTS REQUIRED FOR CERTIFICATION OF A RULE 23 CLASS ACTION

Class actions are exceptions to the rule that a party cannot litigate another person's claims. See Langan v, Johnson & Johnson Consumer Cos.. 897 F.3d 88, 93 (2d Cir. 2018).  The party seeking class certification must "affirmatively demonstrate" its compliance with Rule 23(a)'s requirements.  See In re US FoodServ, Pricing Litig., 729 F.3d 108, 117 (2d Cir. 2013).

The moving party must establish by the preponderance of the evidence: i) the class is so numerous that joinder of all members is impracticable; ii) there are questions of law and fact common to the class; iii) the claims or defenses of the parties are typical of the claims or defenses of the class; and iv) the representative parties will fairly and adequately protect the interests of the class.  See FRCP 23(a); Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234,

251 (2d Cir. 2011); <u>Oakley v. Verizon Communications Inc.</u>, 2012 WL 335657 at *12 (S.D.N.Y. 2012) (preponderance of the evidence standard applies to establish Rule 23's requirements).

In a Rule 23(a) motion, the Court cannot simply accept the moving party's allegations in his pleadings.  Instead, a class may only be certified if "after a rigorous analysis" the court is satisfied the prerequisites have been met.  <u>See</u> <u>Roach v. T.L. Cannon Corp.</u>, 778 F.3d 401, 405 (2d Cir. 2015); *citing* <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").

The Supreme Court has made it clear that courts cannot certify classes where Rule 23 requirements are not met and should not contort the requirements in order to certify a class. <u>See</u> <u>Oakley</u>, *supra*, 2012 WL 335657 at *12.

In the present case, plaintiff presents almost no evidence in regards to any other employee other than the named plaintiff.  Moreover, although plaintiff seeks to certify a class made up of three separate and disparate employees (i.e., current and former superintendents, handymen and porters), plaintiff provides no breakdown as to who or how many employees comprise each group. No evidence as to the type of work they perform(ed) and no evidence as to their work schedules or location of employment. Plaintiff seeks to excuse the lack of any evidence regarding the proposed class and any violations they may have as to state overtime wage violations by claiming he is providing a "top-down" approach to meeting their evidentiary burden.   Specifically, plaintiff claims that due to the "unique circumstances" of the case it can meet its evidentiary burden by offering defendants testimony.  <u>See</u> Plaintiff's Memorandum of Law at p. 3 at ECF Doc. No. 46 *citing* <u>Contrera v. Langer</u>, 278 F.Supp.2d 702, 716 (S.D.N.Y. 2017).  However, <u>Contrera</u>, was a

collective action case involving a conditional certification under the FLSA and not a Rule 23(a) motion for class certification.  The requirements of Rule 23 differ and are more stringent than those that apply to the approval of a collective action.  See Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005); Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013) ("Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23."); See Colon v. Major Perry Street Corp., 2013 WL 3328223 at *5 (S.D.N.Y. 2013) (plaintiff may meet evidentiary burden by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.) quoting Hallissey v. Am. Online, Inc.,  2008 WL 465112, at *1 (S.D.N.Y. 2008).

As such, there is no basis for plaintiff to rely on defendants alleged generalized practices as they do not rise to the level of proof necessary for the Court to conduct the required analysis. See Shahriar, supra, at 251 (the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met).

A. **Plaintiff Has Failed to Satisfy Rule 23 (a)'s Commonality Requirement**

To establish commonality, plaintiff was required to demonstrate that there are questions of law or fact common to the class.  Commonality requires that each class member's claim to "depend upon a common contention . . .  [t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  See Wal-Mart Stores, supra, at 350 (what matters to class certification is not the raising of common question, even in droves, but rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation).

In the present case, Plaintiff has no knowledge of the actual wages, policies, or schedules of the supers/porters/handymen who may have worked at buildings other than the two buildings he worked at.  This deficit is even further compounded by the fact that plaintiff was only employed at two of the locations for a short period of time and under only one management company, CFF.

In <u>Taveras v. D&J Real Estate Management II, LLC</u>., 324 F.R.D. 39, (S.D.N.Y. 2018), the Court denied plaintiff's collective action where plaintiff's allegations were too conclusory to demonstrate that superintendents and porters at locations other than where plaintiff worked were similarly situated to plaintiff.  The Court held that plaintiff failed to meet the lower standard for a conditional collective action where, "[p]laintiffs do not identify the names or job titles of any person who worked at other locations; they provide no evidence that the handbook applies to employees in other locations; they do not state the specifics of any conversations with other employees; and they do not explain how they had the opportunity to observe the regular work schedules of employees at other locations." <u>Id</u>. *citing* <u>Sanchez v. JMP Ventures, L.L.C.</u>, 2014 WL 465542, at *2 (S.D.N.Y. 2014) (denying conditional certification because plaintiff failed to provide any detail as to his observations of and conversations with other proposed members of the putative collective, including the location or date of the conversations/observations, and describing plaintiff's declaration as generalized and containing precisely the kind of unsupported assertions and conclusory allegations that courts have found to be insufficient); <u>Ikikhueme v. CulinArt, Inc.,</u> 2013 WL 2395020, at *2 (S.D.N.Y. 2013) (denying conditional certification where plaintiff offered only his single declaration with "unsupported assertions" and no specific information about other employees); <u>see</u> <u>also</u>, <u>Lanqing Lin v. Everyday Beauty Amore, Inc.</u>, 2019 WL 3037072, at *4 (E.D.N.Y. 2019) (conclusory and speculative statements are insufficient to establish commonality or typicality).

Thus, even under the lower standard applied to collective certifications, plaintiff's lack of evidence is disqualifying and the motion should be denied.

B.  **Plaintiff Has Failed to Satisfy Rule 23(a)'s Adequacy and Typicality Requirements**

To prove adequacy of representation as required under Rule 23(a), the class representative must possess the same interests and suffer the same injuries as the other members of the class.  See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997).  The proposed class representative must have an interest in vigorously pursuing the claims of the class and must have no interests antagonistic to the interests of other class members. Id.

Moreover, while the mere existence of individual factual questions will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses.  See Baffa v. Donaldson, Lufkin & Jenritte Securities Corp., 222 F.3d 52 (2d Cir. 2000).  In a similar vein, typicality requires each class member's claim arises from the same course of events and will require the same legal arguments to prove the defendant's liability. See Shahriar, *supra* at 252.

In the present case, since there is no evidence regarding other members of the putative class and there is insufficient evidence to determine whether the putative class was treated similarly to the named plaintiff. Plaintiff only worked for a relatively short period of time, was only employed at two buildings and was only managed by CFF. CFF only commenced management of the Pineda Buildings in September of 2021.

Moreover, although the named plaintiff worked as superintendent, the purported class is also comprised of porters and handymen.  There is no evidence that the plaintiff and the porters and handymen were similarly situated with respect to their job duties, hours, requirements and overtime pay and regulations under New York law.  See Colon, *supra*,  2013 WL 3328223 at *7

11

(limiting certification to supers and excluding maintenance workers).  For instance, Pineda asserts that he was "on call" during all hours of the week to address any emergency issues.  See Pineda Affidavit at ¶14 at ECF Doc. No. 44.  But there is no such evidence for porters or handymen.  See Reyes v. NY F&B Services LLC, 2016 WL 796859 at *4 (S.D.N.Y. 2016)  ("Plaintiffs have failed to offer, for instance, any explanation as to the basis of their knowledge of other employees' compensation, and thus have not demonstrated that other classes of employees were "similarly situated" to themselves.")

Finally, as a superintendent who live in the residential building, Pineda is potentially subject to the state exemption for overtime under 12 NYCRR §141-3.4.  See Koljenovic v. Marx, 999 F.Supp.2d 396, (E.D.N.Y. 2014) (dismissing NYLL overtime claims of supers pursuant to §§141-1.4; 141-3.4).  As such, there would be defenses to his and other supers' claims that would not apply to porters and handymen.  See Warman v. American National Standards Institute, 193 F.Supp.3d 318, 325 (S.D.N.Y. 2016) (individualized defenses prevented conditional certification)

Based on the foregoing, plaintiff's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's

motion and award such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         May 26, 2023

                            Respectfully submitted,

                            The Law Offices of Peter Metis, LLC
                            Attorneys for Defendants

                                 s/ PETER METIS
By:_____

                             Peter Metis
                             46 Trinity Place, 5th Floor
                             New York, New York 10006
                             (212) 808-7780
                             pmetis@metislawoffice.com