UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others similarly situated

                       Plaintiff,

              v.

BIG CITY REALTY MANAGEMENT, LLC, CFF CONSULTING INC., 3427 BROADWAY BCR, LLC, 3440 BROADWAY BCR, LLC, 3660 BROADWAY BCR, LLC, 633 WEST 152 BCR, LLC, 605 WEST 151 BCR, LLC, 545 EDGECOMBE BCR, LLC, 535-539 WEST 155 BCR, LLC, 408-412 PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC, 510-512 YELLOW APPLE, LLC, 513 YELLOW APPLE, LLC, 145 PINEAPPLE LLC, 2363 ACP PINAPPLE, LLC, 580 ST. NICHOLAS BCR, LLC, 603-607 WEST 139 BCR, LLC, 559 WEST 156 BCR, LLC, 3750 BROADWAY BCR, LLC, KOBI ZAMIR, and FERNANDO ALFONSO,

                     Defendants.
-----------------------------------------------------------------X

Case No. 22-cv-05428(BMC)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR CLASS CERTIFICATION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 23**

                                                               RAPAPORT LAW FIRM, PLLC
                                                              Marc A. Rapaport
                                                               80 Eighth Avenue, Suite 206
                                                              New York, NY  10011
                                                              (212) 382-1600

                                                              MILLER LAW, PLLC
                                                               Meredith R. Miller
                                                              167 Madison Avenue, Suite 503
                                                              New York, NY  10016
                                                               (347) 878-2587

                                                              *Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ..........................................................................................................................1

    I. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE NYLL CLAIMS OF THE RULE 23 PLAINTIFFS. ...............................................................1

        A. Plaintiff Did not "Abandon" Any Vehicle for Relief, Including Conditional Certification, and Acted in Accordance with the Scheduling Constraints and Available Information. .......2

        B. Plaintiff's FLSA Overtime and the NYLL Overtime and Timely Pay Claims Substantially Overlap. ...........................................................................................................3

    II. PLAINTIFF HAS MORE THAN SUFFICIENTLY MET HIS BURDEN OF ESTABLISHING COMMONALITY AND TYPICALITY BASED UPON DEFENDANTS' OWN DOCUMENTS AND TESTIMONY ...............................................................................7

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328 (2d Cir. 2006) ................................. 3

*Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018) ..................................... 2, 6

*Contrera v. Langer*, 278 F.Supp.3d 702 (S.D.N.Y. 2017) ........................................................ 8

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 150 (E.D.N.Y. 2008) ............................................ 4

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) ................................................ 4

*Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011) ................................................... 4

*Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004) ................................................. 5

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ............................ 3

*Martinenko v. 212 Steakhouse, Inc.*, No. 22-cv-518, 2023 WL 2919766 (Apr. 12, 2023) ............. 5

*Pefanis v. Westway Diner, Inc.*, No. 08-cv-002, 2010 WL 3564426 (S.D.N.Y. Sept. 7, 2010) ..... 5

*Perez Perez v. Escobar Construction, Inc.*, 540 F.Supp.3d 395 (S.D.N.Y 2021) ........................ 8

*SDJ Investments, LLC v. Collector's Coffee Inc.*, No. 21-cv-2070, 2022 WL 17097231 (2d Cir. Nov. 22, 2022) ................................................................................................................ 2

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234 (2d Cir. 2011) .......................... 4

*Shibetti v. Z Rest., Diner & Lounge, Inc.*, No. 18-cv-856, 2022 WL 103639 (E.D.N.Y. Jan. 10, 2022) ............................................................................................................................. 5, 6

*Taveras v. PSD Freeport, Inc.*, No. 19-cv-6243, 2021 WL 14059994 (E.D.N.Y. Apr. 14, 2021) . 8

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ............................................. 3

**STATUTE**

28 U.S.C. § 1367(c) ................................................................................................... 1, 2, 4, 6

## PRELIMINARY STATEMENT

On April 14, 2023, Plaintiff Juan Pineda moved for an order (i) certifying a proposed class under FRCP 23(a) and (b)(3), for Defendants' violations of the NYLL; (ii) designating Plaintiff as class representative; (iii) designating Plaintiff's counsel as Class Counsel pursuant to FRCP 23(g); and (iv) granting Plaintiff leave to amend the Complaint pursuant to FRCP 15(a) by adding Big City Realty LLC as a defendant (the "Motion").[1] Defendants do not appear to oppose the branch of the Motion that sought leave to amend the Complaint.

In opposing the Motion, Defendants first argue that this Court should decline to exercise supplemental jurisdiction over the NYLL claims of the Rule 23 Plaintiffs. This argument misunderstands when NYLL claims would "substantially predominate" over FLSA claims and further ignores the rationale for the Court's exercise of supplemental jurisdiction. Second, Defendants argue that class certification should be denied because Plaintiff has failed to establish commonality and typicality through Plaintiff's own testimony. However, this argument would require this Court to ignore the body of documentary evidence and testimony from Defendants themselves. Plaintiff has more than met his burden to establish each of the FRCP 23 elements and, therefore, respectfully requests that this Court grant the Motion in its entirety.

## ARGUMENT

### I. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE NYLL CLAIMS OF THE RULE 23 PLAINTIFFS.

Defendants argue that this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). First, Defendants mischaracterize Plaintiff as having "abandoned" pursuit of conditional certification. Second, to the extent that Defendants are arguing

---

[1] Capitalized terms not defined herein are given the same meaning as Plaintiff's Memorandum of Law in Support of the Motion, April 14, 2023 (dkt. #46).

that, pursuant to section 1367(c)(2), the NYLL claims of the Rule 23 Plaintiffs would "substantially predominate" over Plaintiff's FLSA claim, Defendants' argument misunderstands the law and the rationale for the Court's discretion to exercise supplemental jurisdiction.

> A. **Plaintiff Did not "Abandon" Any Vehicle for Relief, Including Conditional Certification, and Acted in Accordance with the Scheduling Constraints and Available Information.**

Defendants incorrectly charge that Plaintiff has asserted an FLSA claim as a mere "conduit" for federal jurisdiction. Defts' Mem. of Law in Opp. To Pltf's Mot. for Class Cert., dkt #49 ("Defts' Mem. of Law"), at 5. Not only is this characterization demonstrably false, it runs counter to Second Circuit precedent, which "strongly caution[s] against making assumptions that a plaintiff's claims were brought to manufacture subject-matter jurisdiction." *SDJ Investments, LLC v. Collector's Coffee Inc.*, No. 21-cv-2070, 2022 WL 17097231, at *3 n.1 (2d Cir. Nov. 22, 2022) (citing *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 84-85 (2d Cir. 2018)).

Defendants assert that Plaintiff "abandoned" FLSA collective claims. Defts' Mem. of Law, at 5. However, the record readily contradicts this assertion. Here, in light of other, previous cases asserting the same claims against Defendants, Plaintiff filed this case with the confidence that even preliminary, limited fact finding would provide an ample basis for a motion for condition certification. However, at the time of the Court's deadline to move for conditional certification, Plaintiff's counsel reached the conclusion that the known facts were still too opaque to make the motion. With Defendants having flatly refused to consent to conditional certification, Plaintiff proceeded to discovery, through which it became apparent that Plaintiff could readily meet the requirements for both FLSA conditional certification and Rule 23 class certification.

In light of the evidence obtained in discovery, Plaintiff submitted a pre-motion letter to the Court stating his intention to proceed with *both* a motion for conditional certification and a motion

for FRCP 23 class certification. At the March 8, 2023 pre-motion hearing, given that the Court's deadline for Plaintiff to move for conditional certification had passed, the Court only allowed Plaintiff to proceed with the FRCP 23 motion for class certification. At that time, the Court noted that Plaintiff still had a remedy because he could pursue a FRCP 23 class action. Therefore, Plaintiff did not, as Defendants claim, intentionally "abandon" any relief or "design" this case to seek class-wide relief solely for NYLL claims. Rather, Plaintiff proceeded in the only procedurally available manner given the circumstances of this case.

### B. Plaintiff's FLSA Overtime and the NYLL Overtime and Timely Pay Claims Substantially Overlap.

The Court has discretion to exercise supplemental jurisdiction over the NYLL overtime claims because they "derive from a common nucleus of operative fact" with the FLSA overtime claim and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Further, the timely pay claim under NYLL arises out of the same compensation policies and practices utilized by Defendants and therefore satisfies 28 U.S.C. §1367(a). When determining whether claims arise from a "common nucleus of operative fact," the Second Circuit looks to whether "the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)). Here, the relief sought on the FLSA overtime claim and the NYLL overtime and timely pay claims turn on the resolution of many common factual questions, including the hours Plaintiff and the Rule 23 Plaintiffs worked and the pay they received. As a result, proof of the NYLL overtime and timely pay claims will be virtually the same as the FLSA overtime claim, which includes reference to timesheets, pay notices, wage

3

statements, onboarding letters and the testimony of Defendants Zamir and Alfonso. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 150, 162-163 (E.D.N.Y. 2008) ("[I]n an overtime case brought under both the NYLL and the FLSA, the factual overlap between the federal claims and the state claims is virtually total.").

As the Second Circuit held in *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011), once 28 U.S.C. § 1367(a) is satisfied, supplemental jurisdiction should only be declined when one of the enumerated sections of 28 U.S.C. § 1367(c) is met. Here, as in *Shahriar*, none of the enumerated consideration of 1367(c) are met. Specifically, Defendants appear to point to section 1367(c)(2) and argue that the NYLL claims would "substantially predominate" over the federal FLSA claim. However, the class-wide NYLL claims for overtime and timely pay violations would not "substantially predominate" over the FLSA action. The fact that there would be more FRCP 23 Plaintiffs with NYLL claims than those with FLSA claims "should not lead a court to the conclusion that a state law claim 'substantially predominates' over the FLSA action, as section 1367(c) uses that phrase." *Shahriar*, 659 F.3d at 246 (quoting *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011)). "Predomination under section 1367 generally goes to the type of claim, not the number of parties involved." *Shahriar*, 659 F.3d at 246 (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 211 (3d Cir. 2003) and *Ervin*, 532 F.3d at 981)).

Further, it would undermine "the efficiency rationale of supplemental jurisdiction" if two separate forums were required to adjudicate the NYLL and FLSA claims just because they had a different number of participating plaintiffs. *Shahriar*, 659 F.3d at 246. This rationale remains intact here, even though Plaintiff did not move for conditional certification pursuant to the FLSA. Even where courts have granted FLSA conditional certification, and only one plaintiff opted in to

the FLSA collective, the courts have nevertheless granted Rule 23 class certification and exercised jurisdiction over the class-wide NYLL claims. *See, e.g., Martinenko v. 212 Steakhouse, Inc.*, No. 22-cv-518, 2023 WL 2919766 (Apr. 12, 2023) (granting FRCP 23 class certification of NYLL claims where only one plaintiff opted in to FLSA collective, and there were two FLSA plaintiffs and at least thirty-eight Rule 23 class members); *Pefanis v. Westway Diner, Inc.,* No. 08-cv-002, 2010 WL 3564426 (S.D.N.Y. Sept. 7, 2010) (Rule 23 class was certified where only one FLSA plaintiff opted in to collective). Moreover, even where FLSA claims have been dismissed as time-barred, courts may, and often do, exercise supplemental jurisdiction over NYLL claims. *Shibetti v. Z Rest., Diner & Lounge, Inc.*, No. 18-cv-856, 2022 WL 103639 *2 (E.D.N.Y. Jan. 10, 2022) (Cogan, J.) (quotations and citations omitted).

In this connection, this Court's decision in *Shibetti,* 2022 WL 103639, is precisely on point. There, two named plaintiffs ("Original Plaintiffs") had both FLSA and NYLL claims. *Id.* at 1. Defendants had asked this Court to decline to exercise supplemental jurisdiction over the NYLL claims of three opt-in plaintiffs. *Id.* One of those opt-in Plaintiffs (Ruiz) had NYLL claims but his FLSA claims were time-barred. *Id.* Nevertheless, the Court exercised supplemental jurisdiction over Ruiz's NYLL claims. *Id.* at 3. The Court held that Ruiz's NYLL claims were "almost identical" to the Original Plaintiffs' FLSA claims and, therefore, did not substantially predominate over the federal claims. The Court recognized the Second Circuit's guidance that exercising supplemental jurisdiction "'promote[s] the values'" of "'economy, convenience, fairness, and comity.'" *Id.* (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).

Here, as in *Shibetti*, the violations of Plaintiff's rights under the FLSA substantially overlap with the violation of his rights, and the rights of the putative Rule 23 class. Requiring class

5

members to separately prosecute their claims "would unnecessarily prolong their resolution, increase the parties' litigation costs, and risk producing contradictory outcomes." *Id.* at *3. This rationale for exercising supplemental jurisdiction is equally, if not more, compelling here, where Plaintiff did not have the information to move for conditional certification until after the passage of the Court's deadline to do so.

Defendants argue that this case is distinguishable from *Shibetti* because the "thrust" of that case was an FLSA collective action. Defts' Mem. of Law, at 6. However, this argument reflects a fundamental misunderstanding of the rationale for supplemental jurisdiction and, consistent with that purpose, how the courts have understood the determination whether state claims "substantially predominate" over federal claims for purposes of supplemental jurisdiction. Economy, efficiency, fairness and comity are all served by exercising supplemental jurisdiction over the Rule 23 Plaintiffs' NYLL claims. *See Catzin*, 899 F.3d at 85 (even if one of categories of Section 1367(c) applies, a district court should not decline to exercise jurisdiction if doing so promotes the values of economy, convenience, fairness, and comity). This is especially the case here where, as in *Catzin*, the Plaintiff and putative Rule 23 Plaintiffs are low-wage workers, with several barriers to pursuing their claims. *See Catzin*, 899 F.3d at 79 (noting that plaintiffs were "low-wage" laundromat workers).

Notably, this is the same judicial economy argument that supports adjudication of the NYLL claims on a class basis. The Rule 23 Plaintiffs are low-wage, immigrant, primarily Spanish-speaking workers who are or were dispersed at Big City Buildings across the City. It is likely that some are unfamiliar with and/or intimidated by the legal system. They may also fear retribution. They are extremely unlikely to commence actions on an individual basis to vindicate

their rights. These factors favor both the exercise of supplemental jurisdiction and the adjudication of the NYLL claims on a class basis.

## II. PLAINTIFF HAS MORE THAN SUFFICIENTLY MET HIS BURDEN OF ESTABLISHING COMMONALITY AND TYPICALITY BASED UPON DEFENDANTS' OWN DOCUMENTS AND TESTIMONY.

Defendants argue that Plaintiff has not met his burden of establishing commonality or typicality to satisfy the requirements of FRCP 23. To reach this conclusion, one would have to completely ignore the significant body of evidence that comes directly from Defendants themselves. Indeed, Defendants' response does not even attempt to engage this evidence but, rather, simply characterizes the evidence as "insufficient." That is far from the case. To briefly summarize what is detailed in Plaintiff's opening brief in support of the Motion, Plaintiff has submitted documentary evidence and sworn testimony from Defendants that they treated employees at Big City Buildings according to centrally managed, uniform pay practices. The fact that this evidence comes from Defendants themselves does not make it conclusory or inadequate to establish commonality or typicality. On the contrary, this proof, given its source, is particularly compelling.

Plaintiff has characterized this method of proof as a "top-down" approach, referencing a phrase that has been used in decisions on motions for conditional certification. Plaintiff is well aware that the standard on a motion for conditional certification is different than that for Rule 23 class certification. However, the concept of a "top-down" method of proof transcends the context. Describing the approach as "top-down" on a conditional certification motion indicates that the plaintiff's proof that employees are "similarly situated" is based on "evidence from a central office or from management levels of an employer showing the employer had a policy or practice of treating all employees in the class similarly with respect to the allegedly illegal labor practice."

7

*Contrera v. Langer*, 278 F.Supp.3d 702, 716 (S.D.N.Y. 2017); *see also Perez Perez v. Escobar Construction, Inc.,* 540 F.Supp.3d 395, 405 (S.D.N.Y 2021); *Taveras v. PSD Freeport, Inc.*, No. 19-cv-6243, 2021 WL 14059994 *4, n.8 (E.D.N.Y. Apr. 14, 2021). Similarly, here, Plaintiff presents evidence from Defendants themselves to establish uniform policies and practices that meet the requirements for class certification under FRCP 23.

Essentially, Defendants are left to argue that commonality and/or typicality are not established because management was transitioned from Big City Realty Mgmt. to CFF in stages during the limitations period, beginning in May 2021. But Defendants' own evidence from the entire limitations period establishes that: (1) while the Big City Buildings were "self-managed" by Big City Realty Mgmt. and Zamir, all employees at the Big City Buildings were subject to the same pay practices (*see* Zamir Tr. 16:23 – 20:8, 22:18 – 22:24, 24:14 – 25:3, 26:20 – 27:7, 31:8 – 31:10, 57:24 – 58:14, 73:4 – 75:20, 111:14 – 115:18; Zamir Employment Agreement [Rapaport Decl. dkt #45, Exh. G]); (2) when management was transitioned to CFF and Alfonso, all employees at the Big City Buildings were subject to the same pay practices (*see* Zamir Tr. 73:18 – 74:23; Alfonso Tr. 8:22 – 24, 34:4 – 34:21, 37:23 – 38:5, 47:22 – 48:9, 97:2 – 97:14); and (3) even when management of Big City Buildings was transferred to CFF and Alfonso, it always remained under defendant Zamir's ultimate control (*see* Zamir Tr. 73:24-74:5, 75:16-76:9).[2]

Further, contrary to Defendants' contention, Plaintiff has presented evidence of how Defendants subjected employees other than Plaintiff to the same pay practices, including porters, and including employees at other locations (Plaintiff worked at Defendants' buildings at 3440 Broadway and 3427 Broadway). This evidence includes, *inter alia*:

---

[2] To ensure the completeness of the motion record, and to give context to the testimony previously cited, the full deposition transcripts are submitted herein. Declaration of Marc Rapaport, June 16, 2023 ("Rapaport Reply Decl."), Exhs. A and B.

- Defendants' welcome letter dated December 28, 2021 to Pedro Rojas ("Rojas"), a porter at Defendants' building at 573 West 159th Street, is identical in form and substance to the letters that were issued approximately two months earlier to Plaintiff, a super. Pineda Decl. Exh. A; Rapaport Decl., dkt #45, Exh. I;
- Alfonso testified that Rojas, would report his hours bi-weekly in the same manner as Plaintiff. Alfonso Tr. 70:8 – 72:3;
- Bi-weekly paystubs and timesheets for R. Peguero ("Peguero"), who worked as a porter of 3427 and 3440 Broadway, which show that Defendants subjected Peguero to the same wage and hour violations, in precisely the same manner, as Plaintiff. Rapaport Decl., dkt #45, Exh. J;
- Sample NYLL 195.1 wage notices from Defendants which inform workers that their regular and overtime hourly rates of pay were the same, and that they would be paid bi-weekly. Rapaport Decl., dkt #45, Exh. K;
- Alfonso testified that Defendants handled payroll and pay notices the same way for Plaintiff as it did for Defendants' super at 3450 Broadway; Alfonso Tr. 97:2 – 97:14;
- Defendants' response to Request No. 23 of the Request for Admissions, that in 2020, the superintendent of 3660 Broadway was paid bi-weekly. Rapaport Decl., dkt. #45, Exh. B; and
- Defendants' response to Request No. 32 of the Request for Admissions that, in 2019, they paid all superintendents at the Schedule A buildings (i.e., the Big City Buildings) bi-weekly.

The level of commonality in the way Defendants handled payroll and their wage practices across all the buildings is suggested by how the minutiae were identical. Evidence of these practices permeate the deposition transcripts. Take, as just one example, Alfonso's testimony:

> Q. Was Mr. Pineda reimbursed for his cell phone usage?
> A. No.
> Q. Were any of the supers reimbursed –
> A. No.
> Q. How about today?
> A. No.

Alfonso Tr. 51:8 – 51:15.

Defendants have unambiguously admitted that they violated the law and did so uniformly for workers across all Big City Buildings, and Defendants' records corroborate this. Therefore, Plaintiff respectfully requests that this Court certify the proposed FRCP 23 Class.

## CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that, pursuant to FRCP 23(a) and (b), this Court certify the proposed class, designate Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel pursuant to FRCP 23(g); and, pursuant to FRCP 15(a), grant leave to amend the Complaint.

Dated: New York, New York
 June 16, 2023

Respectfully submitted,

_____/s/_____
Meredith R. Miller
Miller Law, PLLC
167 Madison Avenue, Suite 503
New York, NY 10016
(347) 878-2587
meredith@millerlaw.nyc


_____/s/_____
Marc A. Rapaport
Rapaport Law Firm, PLLC
80 Eighth Avenue, Suite 206
New York, NY 10011
(212) 382-1600
mrapaport@rapaportlaw.com

*Counsel for Plaintiff*