UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others similarly situated,

        Plaintiff,

Case No. 22-CV-05428 (BMC)

v.

BIG CITY REALTY MANAGEMENT, LLC CFF CONSULTING INC., 3427 BROADWAY BCR, LLC, 3440 BROADWAY BCR, LLC, 3660 BROADWAY BCR LLC, 633 WEST 152 BCR LLC, 605 WEST 151 BCR LLC, 545 EDGECOMBE BCR LLC, 535-539 WEST 155 BCR LLC, 408-412 PINEAPPLE LLC, 106-108 CONVENT BCR, LLC, 510-512 YELLOW APPLE LLC, 513 YELLOW APPLE LLC, 145 PINEAPPLE LLC, 2363 ACP PINEAPPLE LLC, 580 ST. NICHOLAS BCR LLC, 603-607 WEST 139 BCR LLC, 559 WEST 156 BCR LLC, 3750 BROADWAY BCR LLC, KOBI ZAMIR, and FERNANDO ALFONSO,

        Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

Law Offices of Peter Metis, LLC
Attorneys for the Defendants
46 Trinity Place, 5th Floor
New York, New York 10006
Tel. (212) 808-7780
Email: pmetis@metislawoffice.com

## **TABLE OF CONTENTS**

                                                              **Page**

TABLE OF CONTENTS……………………………………………………………………...i

TABLE OF AUTHORITIES……………………………………………………………….…ii

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION……………………………..……………. 1

PRELIMINARY STATEMENT………………………………………………..…………….. 1

FACTS ……………………………………………………………………………..……....2

ARGUMENT……………………………………………………………………….…………2

      POINT I – THE COURT'S REVERSAL OF ITS PRIOR ORDER TO PERMIT
               PLAINTIFF TO FILE THE INSTANT MOTION WAS AN IMPROPER
               EXERCISE OF DISCRETION……………………………………………………2

      POINT II –PLAINTIFF HAS NOT ESTABLISHED THE REQUIREMENTS
               FOR CONDITIONAL COLLECTIVE CERTIFICATION………..……………4

      POINT III -PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING…….................6

      POINT IV- PLAINTIFF'S NOTICE PROVISIONS ARE PREMATURE
               AND OVERBROAD…………………………………………………………….7

CONCLUSION……………………………………………………………………...………8

**TABLE OF AUTHORITIES**

**CASES**                                                                                          **Page(s)**

Clark v. A&L Homecare & Training Ctr., 68 F.4th 1003 (6th Cir. 2023)……….…………….. 3

Creely v. HCR ManorCare, Inc., 789 F. Supp.2d 819 (N.D. Ohio 2011)….. …………..….…. 4

Cunningham v. Elec. Data Sys. Corp., 754 F. Supp.2d 638 (S.D.N.Y. 2010)………................. 4

Colon v. Major Perry Street Corp., 2013 WL 3328223 (S.D.N.Y. 2013) …………………….… 5

Contrera v. Langer, 278 F.Supp.2d 702 (S.D.N.Y. 2017) ….…..……..……………..………… 6

Estrada v. Kingsbridge Marketplace Corp., 2018 WL 11583444 (S.D.N.Y. 2018) ……..……. 6

Hinterberger v. Catholic Health System, 2009 WL 3464134 (W.D.N.Y. 2009)………………...7

Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., 2013 WL 5132023
(E.D.N.Y. 2013)………………………………………………………………………...…… 5

Koljenovic v. Marx, 999 F.Supp.2d 396 (E.D.N.Y. 2014) ……………………………………......6

Korenblum v. Citigroup, Inc., 195 F.Supp.3d 475 (S.D.N.Y 2016)…………..….……………...4

Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116 (2d Cir. 2001)) …..…................................3

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010)………………….……….…................... 4

Pace v. DiGuglielmo, 544 U.S. 408 (2005)……………………………………………………...6

Raishevich v. Foster, 247 F.3d 337 (2d Cir. 2001)…………………………….…...………….3

Raniere v. Citigroup, Inc., 2011 WL 5881926 (S.D.N.Y. 2011) ……………………….……….4

Reyes v. Nidaja, LLC, 2015 WL 4622587 (S.D.N.Y. 2015)……………………….. ………….. 5

Reyes v. NY F&B Services LLC, 2016 WL 796859 (S.D.N.Y. 2016)) ………..……………........5

Ritz v. Mike Rory Corp., 2013 WL 1799974 (E.D.N.Y. 2013) ……..………. ………………… 7

Romero v, H.B. Auto Grp., Inc., 2011 WL 1514810 (S.D.N.Y. 2012)………..………..…….4

Sanchez v. JMP Ventures, LLC, 2014 WL 465542 (S.D.N.Y. 2014)……..………………….….5

Warman v. American National Standards Institute, 193 F.Supp.3d 318 (S.D.N.Y. 2016) ……......6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all others similarly situated,

              Plaintiff,

    v.

BIG CITY REALTY MANAGEMENT, LLC CFF CONSULTING INC., 3427 BROADWAY BCR, LLC, 3440 BROADWAY BCR, LLC, 3660 BROADWAY BCR LLC, 633 WEST 152 BCR LLC, 605 WEST 151 BCR LLC, 545 EDGECOMBE BCR LLC, 535-539 WEST 155 BCR LLC, 408-412 PINEAPPLE LLC, 106-108 CONVENT BCR, LLC, 510-512 YELLOW APPLE LLC, 513 YELLOW APPLE LLC, 145 PINEAPPLE LLC, 2363 ACP PINEAPPLE LLC, 580 ST. NICHOLAS BCR LLC, 603-607 WEST 139 BCR LLC, 559 WEST 156 BCR LLC, 3750 BROADWAY BCR LLC, KOBI ZAMIR, and FERNANDO ALFONSO,

              Defendants.
------------------------------------------------------------X

Case No. 22-CV-05428 (BMC)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF A COLLECTIVE ACTION**

**PRELIMINARY STATEMENT**

    This memorandum of law is submitted on behalf of all defendants in opposition to plaintiff's motion for conditional certification as a collective action, leave to distribute notice, disclosure of contact information and equitable tolling.

    Plaintiff's motion should be denied as: i) the Court's reversal to permit plaintiff to file the instant motion was improper; ii) the plaintiff's failed to provide evidence necessary to

1

conditionally certify a collective' iii) there is no basis for tolling; and iv) notice should be agreed to only after the collective is certified.

## FACTS

The relevant facts are stated in defendant's memorandum of law in opposition to plaintiff's motion for class certification (ECF Doc. No. 49) and are incorporated by reference herein.

## ARGUMENT

## POINT I

### THE COURT'S REVERSAL OF ITS PRIOR ORDER TO PERMIT PLAINTIFF TO FILE THE INSTANT MOTION WAS AN IMPROPER EXERCISE OF DISCRETION

On October 24, 2022, the Court ordered plaintiff to file a motion for conditional certification by November 7, 2022. See ECF Entry and Order dated October 24, 2022. By letter dated November 7, 2002, plaintiff's counsel informed the Court that "after further consideration, Mr. Pineda has decided not to proceed with [a motion for conditional certification]. Plaintiff's decision was clear and unambiguous. Moreover, no application was made to preserve the collective action motion for a later date. A copy of plaintiff letter dated November 7, 2022 and filed as ECF Doc No. 38 is annexed hereto as Exhibit "A".

By letter dated February 28, 2023, the parties filed a joint letter requesting the extension of the discovery deadline. In that letter, plaintiff's counsel stated, "[p]laintiff strongly believes that the Zamir's and Alfonso's deposition testimony establishes most, if not all, of the facts needed for Plaintiff to readily satisfy the legal standards for certification of a Rule 23 class (for overtime violations and untimely payment of wages under NYLL § 191(1)(a)), as well as conditional certification of an FLSA collective (for overtime violations).

Plaintiff made no motion nor made any request to file a motion to certify a FLSA collective.

2

Nor did plaintiff retract his clear intention not to move for such in his November 7, 2022 Letter.

This was re-affirmed by the Court and the plaintiff during the conference before the Court on March 8, 2023 wherein the Court stated: "[l]et me start by saying plaintiff's counsel seems to be under a misimpression. We're not having a collective action in this case. I set a deadline, I got a letter from plaintiff's counsel saying we are not going to move for a collective action, that date has long passed and I have not been asked to reinstate it, which I wouldn't if I were asked, so whatever these missing documents have to do with, it's not that." See Transcript of March 8, 2023 Hearing annexed hereto as Exhibit "B". At no time during that conference, or since, did plaintiff request to file a collective action motion. Instead, plaintiff proceeded to file his motion for class certification.

On July 29, 2023, this Court stated that it is vacating the Court's order at the 3/8/2023 conference regarding plaintiff's proposed collective-action motion. See ECF Order dated July 28, 2023 ("The Court has reconsidered its position on plaintiff's collective-action waiver in light of Clark v. A&L Homecare & Training Ctr., 68 F.4th 1003, 1013 (6th Cir. 2023). Plaintiff may move for a collective action by 8/3/2023.").

Clark v. A&L Homecare & Training Ctr., 68 F.4th 1003, 1013 (6th Cir. 2023), as relied upon by the Court, is not relevant to the present case and does not discuss permitting the plaintiff to file a collective action certification motion that has been previously affirmatively waived. See also, Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001) (While "abuse of discretion" is "one of the most deferential standards of review[,] ... [a] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence.") *quoting* Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116 (2d

3

Cir. 2001). Presently, defendants argue that the Court's decision herein was an abuse of discretion based on erroneous determination regarding the holding in Clark, supra. As it is prejudicial to defendants, it should be reversed.

## POINT II

## PLAINTIFF HAS NOT ESTABLISHED THE REQUIREMENTS FOR CONDITIONAL COLLECTIVE CERTIFICATION

The FLSA has a two-step process to determine if certification as collective action is proper. See Myers v. Hertz Corp., 624 F.3d 537,554 (2d Cir. 2010). The first step, the court makes an initial determination whether to send opt-in notices to similarly situated employees. Id. at 555; Cunningham v. Elec. Data Sys. Corp., 754 F. Supp.2d 638 (S.D.N.Y. 2010) (in determining plaintiff's motion the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations). In the second step the district court will determine if the collective action may go forward.

While the plaintiff's burden of proof at this first stage is low, it is not nonexistent, i.e., "certification is not automatic" See Romero v, H.B. Auto Grp., Inc., 2011 WL 1514810 at *10 (S.D.N.Y. 2012). Moreover, conclusory allegations are not enough to meet plaintiff's burden. See Raniere v. Citigroup, Inc., 2011 WL 5881926 (S.D.N.Y. 2011). Where discovery is complete, as in the present case, the Court will apply a slightly higher standard with an understanding "that the body of evidence is necessarily incomplete." Korenblum v. Citigroup, Inc., 195 F.Supp.3d 475, 482 (S.D.N.Y 2016) *citing* Creely v. HCR ManorCare, Inc., 789 F. Supp.2d 819 (N.D. Ohio 2011) ("[A] hybrid standard . . ., which combines the lenient standard with some consideration of the stage-two factors, and is augmented by [various] practical considerations . . ., strikes the proper

4

balance between the traditional stage-one and two standards.").

In the present case, plaintiff only worked as a super at two buildings for eight months and cannot provide the factual nexus to claim that he is similarly situated to the broad category of employees he is seeking to include in the collective, i.e., superintendents, porters, and handymen. See Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., 2013 WL 5132023 at *5-7 (E.D.N.Y. 2013) (collective action motion denied where plaintiffs failed to actually identify with specificity any instances where they personally observed a FLSA violation vis a vis other employees); Reyes v. Nidaja, LLC, 2015 WL 4622587, at *2 (S.D.N.Y. 2015) (finding plaintiff not similarly situated to the other unnamed employees where plaintiff did not identify any other employees by name or indicate the time or circumstances surrounding his observations, and did not state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities); Sanchez v. JMP Ventures, LLC, 2014 WL 465542, at *2 (S.D.N.Y. 2014) (denying conditional certification where plaintiff did not provide any detail as to a single observation or conversation). In the present action, plaintiff provides virtually no information or knowledge of actual wages, time worked or policies concerning other employees who worked at other locations.

Moreover, there is no evidence that the plaintiff and the porters and handymen were similarly situated with respect to their job duties, hours, requirements and overtime pay and regulations under New York law. See Colon v. Major Perry Street Corp, 2013 WL 3328223 at *7 (limiting certification to supers and excluding maintenance workers). For instance, Pineda asserts that he was "on call" during all hours of the week to address any emergency issues. See Pineda Affidavit at ¶14 at ECF Doc. No. 44. But there is no such evidence for porters or

5

handymen.  See Reyes v. NY F&B Services LLC, 2016 WL 796859 at *4 (S.D.N.Y. 2016) ("Plaintiffs have failed to offer, for instance, any explanation as to the basis of their knowledge of other employees' compensation, and thus have not demonstrated that other classes of employees were "similarly situated" to themselves.")

Finally, as a superintendent who live in the residential building, Pineda is potentially subject to the state exemption for overtime under 12 NYCRR §141-3.4.  See Koljenovic v. Marx, 999 F.Supp.2d 396, (E.D.N.Y. 2014) (dismissing NYLL overtime claims of supers pursuant to §§141-1.4; 141-3.4).  As such, there would be defenses to his and other supers' claims that would not apply to porters and handymen.  See Warman v. American National Standards Institute, 193 F.Supp. 3d 318, 325 (S.D.N.Y. 2016) (individualized defenses prevented conditional certification).

## POINT III

## PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING

A plaintiff seeking equitable tolling of the limitations period bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way.  See Contrera v. Langer, 278 F.Supp. 3d 702,723 (S.D.N.Y. 2017) (equitable tolling is a drastic remedy applicable in rare and exceptional circumstances) *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In the present case, it cannot be said that plaintiff has been diligently pursing a collective action.  In fact, plaintiff specifically decided not to pursue one and informed the Court and defendants of such.  See Exhibit "A"; Estrada v. Kingsbridge Marketplace Corp., 2018 WL 11583444, at * 20 (S.D.N.Y. 2018) (even when plaintiffs diligently pursued their rights, extraordinary circumstances are still

required).

As such, there is no basis for equitable tolling.

# POINT IV

## PLAINTIFF'S NOTICE PROVISIONS ARE PREMATURE AND OVERBROAD

Should this Court grant collective certification, defendants request the parties are provided thirty days to negotiate an appropriate and adequate notice. Should those efforts fail, the parties can then file proposed notice forms from which the Court can determine an appropriate notice. See Hinterberger v. Catholic Health System, 2009 WL 3464134, at *11-12 (W.D.N.Y. 2009). This could resolve some of the objections defendants have with the proposed notice.

For instance, plaintiff requests that the notice period date back to three years before the filing of its class certification. However, under the FLSA, notice periods are measured from the date the Court grants the motion for conditional certification. See Ritz v. Mike Rory Corp., 2013 WL 1799974, at *3 (E.D.N.Y. 2013). Moreover, since plaintiff requests sending notices by mail, text and email, the necessity to send a reminder notice is removed.

Finally, plaintiff's proposed notice is directed to all "current and former superintendents, porters, handymen and other manual workers" but the within motion is limited to "superintendents, porters and handymen". As such, even if the Court were to permit the collective to expand past superintendents to include porters and handymen the proposed notice is too broad.

7

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 17, 2023

                                     Respectfully submitted,

                                     The Law Offices of Peter Metis, LLC
                                     Attorneys for Defendants

                                             s/ PETER METIS
                               By:_____
                                     Peter Metis
                                     46 Trinity Place, 5th Floor
                                     New York, New York 10006
                                     (212) 808-7780
                                     pmetis@metislawoffice.com