UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN PINEDA, on behalf of himself and all
others similarly situated,

                 Plaintiff,

      v.


BIG CITY REALTY MANAGEMENT, LLC, CFF
CONSULTING INC., 3427 BROADWAY BCR, LLC,
3440 BROADWAY BCR, LLC, 3660 BROADWAY
BCR, LLC, 633 WEST 152 BCR, LLC, 605 WEST 151
BCR, LLC, 545 EDGECOMBE BCR, LLC, 535-539
WEST 155 BCR, LLC, 408-412 PINEAPPLE, LLC,
106-108 CONVENT BCR, LLC, 510-512 YELLOW
APPLE, LLC, 513 YELLOW APPLE, LLC, 145
PINEAPPLE LLC, 2363 ACP PINAPPLE, LLC, 580
ST. NICHOLAS BCR, LLC, 603-607 WEST 139
BCR, LLC, 559 WEST 156 BCR, LLC, 3750
BROADWAY BCR, LLC, KOBI ZAMIR, and
FERNANDO ALFONSO,

                Defendants.
-----------------------------------------------------------------X

                             **Case No. 22-cv-05428 (BMC)**

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR CONDITIONAL CERTIFICATION, LEAVE TO DISTRIBUTE
NOTICE, DISCLOSURE OF CONTACT INFORMATION, AND EQUITABLE
TOLLING PURSUANT TO 29 U.S.C. § 216(b).**

Marc A. Rapaport
RAPAPORT LAW FIRM, PLLC
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600; mrapaport@rapaportlaw.com

Meredith R. Miller
MILLER LAW, PLLC
167 Madison Avenue, Suite 503
New York, New York 10016
(347) 878-2587; meredith@millerlaw.nyc

*Attorneys for Plaintiff*

Plaintiff submits this reply memorandum of law in further support of his motion seeking an order conditionally certifying a FLSA collective action pursuant to 29 U.S.C. § 216(b) and authorizing notice to be distributed to all persons who work or have worked as superintendents, porters and handymen at the Big City Buildings, beginning three years prior to the commencement of this action to the date of final judgment in this matter.[1]  As fully set forth in Plaintiff's Opening Brief, having had the opportunity to conduct discovery (which included, *inter alia*, depositions of Defendants' key decision-makers with respect to their portfolio-wide wage and hour policies), Plaintiff readily meets his burden of showing that the members of the putative collective are similarly situated and qualify for collective treatment.

## I.    THIS COURT DID NOT ABUSE ITS DISCRETION.

Defendants argue that this Court committed an "abuse of discretion" on July 28, 2023 when the Court vacated a previous 3/8/23 Order and permitted Plaintiff to move for a collective action pursuant to the FLSA.  *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification of a Collective Action, Aug. 17, 2023 (dkt. #56) ("Defendants' Brief"), at 2-3.  However, the 7/28/23 Order is entirely consistent with the text and purpose of the FLSA. The text of the FLSA does not explicitly delineate procedures for distributing notice to putative collective members, but court-facilitated notice is implied given the purpose of a collective action and the broad remedial aims of the FLSA.  *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1013 (6th Cir. 2023).  Distribution of notice is justified by a court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."  *Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 170-71 (1989). The FLSA's "prime purpose" is "to aid the unprotected, unorganized and lowest

---

[1] Capitalized terms not defined herein are given the same meaning as Plaintiff's Memorandum of Law in Support of the Motion, Aug. 3, 2023 (dkt. #54) ("Plaintiff's Opening Brief").

paid of the nation's working population," such as Plaintiff and the putative collective in this case. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 n.18 (1945).

Given that the text of the FLSA is silent regarding when and how to provide notice to similarly situated workers, courts are guided by its broad remedial purpose. It follows that where, as here, circumstances show that only the employer could have knowledge of whether there are other workers who qualify as similarly situated, it comports with the aims of the FLSA to allow a plaintiff to await discovery (or, at least, the completion of targeted discovery) before moving for authorization to proceed with notice to a collective.

Defendants vacuously claim to have been prejudiced by the 7/28/23 Order, without offering any hint of how authorizing notice now, post-discovery, rather than at the outset of this case, would cause any harm or inconvenience to them. Quite simply, Defendants cannot present any prejudice occasioned by the 7/28/23 Order. Defendants state that "at no time during [the March 8] conference, or since, did [P]laintiff request to file a collective action motion." *Id.* at 3. This is disingenuous. As Defendants acknowledge, in a letter to the Court dated February 28, 2023 (dkt. #40), Plaintiff stated that he "strongly believes that Zamir's and Alfonso's deposition testimony establishes most, if not all, of the facts needed for Plaintiff to readily satisfy the legal standards for certification of a Rule 23 class (for overtime violations and untimely payment of wages under NYLL § 191(1)(a)), as well as conditional certification of an FLSA collective (for overtime violations)."

At the March 8 hearing, in response to Plaintiff's indication that he believed he could satisfy the standards for both an FLSA collective and Rule 23 class, the Court began by stating that the deadline to move for a collective had passed and "I have not been asked to reinstate it, which I wouldn't if I were asked. . . ." *See* Defendants' Brief at 3, Exh. B (Tr. of Mar. 8, 2023

hearing). Plaintiff's counsel understood the Court as definitively foreclosing any continued requests to proceed with a motion for a collective pursuant to the FLSA, and proceeded accordingly.

Defendants' self-interest in maneuvering to prevent Plaintiff from proceeding with a collective is not a valid basis to undermine the purpose of distributing notice or the remedial aims of the FLSA. Tellingly, in response to both the FRCP 23 Motion and the instant motion for an FLSA collective, Defendants do not meaningfully respond to Plaintiff's arguments that the standards of proof have readily been met.

## II.    PLAINTIFF HAS READILY ESTABLISHED THAT ISSUANCE OF NOTICE TO POTENTIAL FLSA PLAINTIFFS IS WARRANTED.

In rote fashion, Defendants cite the cases applying a lenient standard on a motion for conditional certification of a collective, perhaps conceding that a heightened post-discovery standard does not apply. Nevertheless, under any standard, Plaintiff has readily met his burden on this motion.

Defendants argue that "[P]laintiff provides virtually no information or knowledge of actual wages, time worked or policies concerning other employees who worked at other locations." Defendants' Brief at 5. This is false. Plaintiff has provided the best possible evidence based on Defendants' own records, and that evidence is ample and compelling, especially in light of the size of the putative collective. *See* Plaintiff's Opening Brief at 11.

Defendants further argue that "there is no evidence that the [P]laintiff and the porters and handymen were similarly situated with respect to their job duties, hours, requirements and overtime pay and regulations under New York law." Defendants' Brief at 5. This is also false. The exemplar paystubs, wage notices, and timesheets Plaintiff submitted show identical treatment. These documents include pay stubs, notices and timesheets for porters. Plaintiff's

Opening Brief, at 9, 11.  The fact that porters and handymen were probably not "on call" is wholly irrelevant.  Plaintiff is not arguing for overtime pay for "on call" time and, even if he were to make that argument, it would solely raise a question of damages.  Defendants attempt to obscure the simplicity of Plaintiff's argument, which is: Defendants paid superintendents, porters and handymen straight time for overtime – that is, to the extent the workers even had a mechanism to report overtime, given the nature of the timesheets.

Finally, Defendants claim that the "janitor exemption" results in different defenses for superintendents than porters and handymen.  Of course, the New York "janitor exemption" is irrelevant to overtime claims under the FLSA.

Notably, Defendants do not challenge the merits of Plaintiff's claim that Defendants paid him and putative collective members straight time for overtime in violation of the FLSA.  While the merits are not decided on a motion for collective certification, discovery has closed and Defendants' own testimony and documentary evidence establishes that they did not pay Plaintiff and other workers at the premium overtime rate.  Defendants do not attempt to argue (nor could they) that this practice was an individualized error related solely to Plaintiff.  Rather, it was a common policy applied uniformly to all superintendents, porters, and handymen.  Indeed, Defendants continued to pay straight time for overtime to all workers without correction even after other lawsuits alleging the same violations.  Plaintiff's Opening Brief, at 10.  This demonstrates that Defendants' violations were willful and, thus, a three-year notice period is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order conditionally certifying this case as a collective action, and otherwise granting the relief requested on the motion.

Dated: New York, New York
       August 24, 2023

                               Respectfully submitted,

                               RAPAPORT LAW FIRM, PLLC
                               80 Eighth Avenue, Suite 206
                               New York, New York 10011
                               Phone: (212) 382-1600
                               Email: mrapaport@rapaportlaw.com

                               By: _____/s/_____
                                  Marc A. Rapaport

                               MILLER LAW, PLLC
                               167 Madison Avenue, Suite 503
                               New York, New York 10016
                               Phone: (347) 878-2587
                               Email: meredith@millerlaw.nyc

                               By: _____/s/_____
                                  Meredith R. Miller

                               *Attorneys for Plaintiff*