Rapaport Law Firm, PLLC | Attorneys at Law | 80 Eighth Avenue | Suite 206 | New York, NY 10011 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

**Rapaport Law Firm**

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

December 2, 2024

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pineda v. Big City Realty Management, LLC et al.*
              Case No. 22-cv-05428 (BMC)

Dear Judge Cogan:

      We are co-counsel for named plaintiff Juan Pineda ("Pineda"), in the above-referenced matter, which involves wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). We write this letter to inform the Court of a relevant decision issued after the submission of Plaintiff's Motion for Conditional Certification of a Collective under the FLSA (the "Motion for Conditional FLSA Certification").

      On April 14, 2023, Plaintiff filed a motion for Certification of a Class under Rule 23 (ECF No. 43 et seq., the "R. 23 Motion"). The R. 23 Motion asserts that Plaintiff and putative class members were subjected to common wage and hour violations under the NYLL – namely, that they were paid straight time for overtime hours and, despite being manual workers, they were unlawfully paid bi-weekly, rather than weekly, in violation of NYLL § 190(4).

      Subsequently, at the Court's invitation, on August 3, 2023, Plaintiff filed the Motion for Conditional FLSA Certification (ECF No. 52 et seq.). Unlike Plaintiff's R. 23 Motion, Plaintiff's Motion for Conditional FLSA Certification makes only glancing reference to Defendants' untimely (*i.e.*, bi-weekly) wage payments to superintendents. Similarly, Plaintiff's proposed notice to putative members of the collective solely refers to Defendants' overtime violations, and makes no reference to Plaintiff's allegations of untimely payment of wages. (*See* ECF No. 53-1, "Proposed Notice").

      After Plaintiff's Motion for Conditional FLSA Certification was filed, a court in this District held that a plaintiff's claims of untimely wage payments under NYLL § 191(a)(i) supported conditional certification of a collective under the FLSA. *Cooke v. Frank Brunckhorst Co., LLC*, 2024 U.S. Dist. LEXIS 51644, at *17 (E.D.N.Y. March 22, 2024). The defendant in *Cooke* moved for reconsideration, arguing that the court had incorrectly held that "the state

statutes may be implicated in qualifying the FLSA's 'prompt payment requirement.'" *Cooke v. Frank Brunckhorst Co., LLC*, 2024 U.S. Dist. LEXIS 89669 (E.D.N.Y. May 18, 2024), at *15 (citation to the record omitted). The court rejected the defendant's argument, holding, "at this first stage of conditional certification, Plaintiff has adequately alleged that the Defendant may be liable under the FLSA's prompt payment requirement upon a finding that weekly payment—and not bi-weekly payment—should have been remitted to Plaintiff (and the putative class)." *Id.* at 19.

       Therefore, Plaintiff respectfully requests that the Court consider Plaintiff's allegations and evidence relating to untimely payment of wages as a basis for granting certification of both a R. 23 class and an FLSA collective. Furthermore, if the Court grants conditional certification of a collective under the FLSA, Plaintiff requests leave to submit an amended Proposed Notice to include a reference to Plaintiff's untimely pay claims.

       We appreciate the Court's attention to this request.

Respectfully submitted,

Marc A. Rapaport